UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
TROOPER RUDOLPH BROWN,

                Plaintiff,

    -against-

SERGEANT CHRISTOPHER WETZ,

                Defendant.
------------------------------------------------------- X

18-cv-11178 (NSR)(JCM)

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

      **WHEREAS** discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures, confidential personnel information, and other sensitive proprietary information, or (b) contain information that is confidential under state or federal law,

      **IT IS HEREBY STIPULATED AND AGREED** that:

      1. The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

      2. This Stipulation and Protective Order shall apply to all information and materials produced or disclosed during the course of the above-captioned action (the "Action"), by any party or non-party, including but not limited to information produced or disclosed:

         a. In any pleading, document, affidavit, interrogatory answer, responses to requests for admission, brief, motion, transcript, or any other writing;

         b. In testimony given in a deposition, and any copies or summaries of such information; or

  c. Through any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

3.  Any party may designate as confidential any information, document, or thing, or portion of any document or thing, the disclosure of which any party believes would contain information that is confidential under state or federal law, which shall be referred to hereafter as "Confidential Material," including but not limited to the following:

  a. All documents and information that relate to the substance or contents of any and all personnel files, including but not limited to personal, departmental, and administrative files and other personnel information prepared or maintained by the State of New York (including without limitation, the New York State Police (NYSP)), including but not limited to documents reflecting the evaluations, reviews, performance, discipline, salary, personal health information, age, race, national origin, sexual orientation, or gender of any personnel of NYSP;

  b. All documents and information that relate to any statements, reviews, minutes, discussions, communications, evaluations, deliberations, analyses, votes, or recommendations by or made to any committee or individual who votes, passes upon, reviews, makes recommendations upon, or considers personnel matters at NYSP;

  c. All documents and information concerning complaints to, investigations by, or reports of any office, committee, person, or agency, including but not limited to any office or committee of NYSP, the New York State Division of Human Rights, and the United States Equal Employment Opportunity Commission, relating to allegations of discrimination at NYSP;

  d. All documents and information that relate to, concerning and outlining NYSP

policies, manuals, rules/regulations and/or procedures related, but not limited to, Traffic Incident Management ("TIM") Unit's training, civilian commendations/complaints, courtesy transports, disciplinary actions, activity reports and related personnel matters.

   e. Any documents and information which counsel for all parties agree should be considered Confidential Material;

   f. Any documents and information which counsel for a party designates as "Confidential Material" and either counsel for the other party does not object;

   g. Any information of a non-public and personal nature regarding any individual; and

   h. Testimony about the documents and information covered by Paragraph 3(a)-(f).

4. Any summary, compilation, notes, copy, electronic images, or database containing material and/or information designated as "Confidential" shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, electronic image, or database is made or derived.

5. Access to the Confidential Material shall be limited to:

   a. Plaintiff's counsel;

   b. Defendant's counsel;

   c. Defendant;

   d. Employees and independent contractors of the respective attorneys for Plaintiff or Defendant who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

   e. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendant,

    except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

f. Individual employees of NYSP, to the extent that such individual employees would have access to the Confidential Material as part of their employment with NYSP;

g. Any other person who was an author, sender, addressee, designated recipient, or source of the Confidential Material;

h. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendant;

i. The Court; including any appellate court, its support personnel, and court reporters.

j. any mediator or arbitrator that the Parties engage in this matter or that the Court appoints, provided such person is give a copy of this Stipulation and executes the Certification annexed hereto.

    6. Notwithstanding the provisions of paragraph 5, Confidential Material may be discussed with and shown to the individual Plaintiff as necessary to prosecute this Action. However, Plaintiff shall not retain copies of Confidential Material unless such Confidential Material is: (i) his own employee records; (ii) his own statements concerning complaints to, investigations by, or reports of any office, committee, person, or agency, including but not limited to any office or committee of NYSP, relating to allegations of discrimination at NYSP; or (iii) his own information of a personal or intimate nature.

    7. For Confidential Material that contains sensitive information and/or identifying personal information pertaining to Defendant, current or former employees of NYSP, and third-parties, or other security concerns that require greater restrictions than documents designated

"Confidential," counsel may designate such information "Highly Confidential." A designation of "Highly Confidential" means that it is for "attorneys' eyes only" and shall not be released or disclosed in any manner to any other person who does not fall under Paragraph 5 (a) – (i) herein, and may not be disclosed in any manner to Plaintiff. Plaintiff's counsel may not show or discuss Highly Confidential Material with Plaintiff.

8. All transcripts of depositions taken in this Action will be treated as Confidential Material in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, any party may designate as Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraph 3 herein, and such designation must be provided to all counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material, except to the extent such documents have been filed in Court in conformity with paragraphs 15 and 16 below or are in the public domain.

9. An inadvertent failure to designate Confidential Material may be corrected by supplemental written notice given as soon as practicable.

10. To the extent any counsel obtained copies of documents described in Paragraph 3 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential Material.

11. Notwithstanding the treatment as Confidential Material of any personnel, health care or mental health care records that contain personally identifiable information concerning any employee of NYSP, it is understood that the names of family members, residence addresses,

employee insurance information, Social Security numbers and/or identification numbers of any employee who has not provided NYSP with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by NYSP.

12. Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

13. No person receiving Confidential Material pursuant to this Stipulation and Protective Order shall disclose or discuss such Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential Material pursuant to this Stipulation and Protective Order.

14. If a party objects to the designation of any document as Confidential Material or Highly Confidential, such party shall state such objection in writing to the counsel for the party that designated the Confidential or Highly Confidential Material within 30 days of the objecting party's receipt of the Confidential and/or Highly Confidential Material. Counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 60 days of the initial objection, request the Court to remove the designation. Any disputed documents shall be treated as Confidential Material (or Highly Confidential if designated by the producing party as such) until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

15. No Confidential Material shall be filed in the record of this action or with the Court except as follows:

      a. If a Party uses Confidential Material in a pleading, motion, or other submission filed with the Court, the Party using the Confidential Material shall redact such Confidential Material from the submission filed in the

public file, but if the redacted material includes relevant material, the party using the Confidential Material will provide an unredacted complete courtesy copy to the judge or magistrate judge herein with a request that the courtesy copy not be included in the public file. If redaction of only the Confidential Material as set out above would be both significantly impractical and likely to be unduly burdensome for the Court, the filing party may request an order from the Court directing the sealing of the Confidential Material, or placing the entire pleading, motion or submission under seal, provided, however, that any delay in filing occasioned by the need for such a court order shall not result in a default by the Party seeking such order or otherwise prejudice the Party's rights. The Court's usual procedures for applications to seal material shall apply.

b. If a Party intends to use or elicits testimony concerning Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material, the Party intending to so use Confidential Material shall take all steps reasonably required to protect the material's confidentiality during such use. Subject to any contrary directive from the court, such party will notify the producing party of his or her intent to introduce confidential information and give that party an opportunity to request that the Court seal the courtroom. Nothing herein shall preclude a party from offering confidential information into evidence or otherwise alter its trial strategy. Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material or to cause a Party to be in breach

of this Protective Order when acting in compliance with an order or direction of the Court.

16. Unless otherwise provided in the Local Rules or by Order of the Court, when filing court papers under seal (pursuant to the procedures of the Court and the Local Civil Rules of the Southern District of New York), such papers or documents shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.

17. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

18. In the event of a disclosure to an unauthorized Party of information designated under this Stipulation and Protective Order as Confidential, the disclosing party shall without delay (a) notify the Designating Party of the disclosure; (b) without delay take all reasonable steps to recover the document, material or other information, and (c) report to the Designating Party immediately upon recovery or failure to recover the Confidential Material.

19. Confidential Material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

20. Within thirty (30) days of the conclusion of this Action, any counsel who received Confidential Material shall either return to the producing party's counsel all Confidential Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential Material, in whole or in part, and any copies made therefrom or shall notify the producing party's counsel in writing that all such Confidential Material has been destroyed.

21. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraph 3 herein.

22. This Stipulation and Protective Order is intended to be contractual in nature and may not be modified or changed orally. All changes or modifications shall be made in writing executed by the parties and ordered by the court.

23. This Stipulation and Protective Order may be executed in counterparts, all of which shall be considered the same as if a single document was executed. For purposes of the execution of this document, a faxed or scanned signature shall be deemed to have the same effect as an original signature.

Dated: New York, New York
October 13, 2021

MARKUS & SHERIDAN, LLP

*[signature]*

Marc O. Sheridan, Esq.

LETITIA JAMES
Attorney General of the State
of New York

*[signature]*

Julie A. Ortiz, Esq.

*Attorney for Plaintiff*
116 Radio Circle, Suite 304
New York, New York 10006
(914) 241-6300
marc@mslawny.com

Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
(212) 416-8476
Julie.Ortiz@ag.ny.gov

SO ORDERED:

_____
JUDITH C. McCARTHY        10-14-2021
United States Magistrate Judge
White Plains, New York

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
TROOPER RUDOLPH BROWN,                  :
                                        :     18-cv-11178 (NSR)(JCM)
                        Plaintiff,      :
                                        :     NON-DISCLOSURE AGREEMENT
        -against-                       :
                                        :
SERGEANT CHRISTOPHER WETZ,              :
                                        ;
                        Defendant.
------------------------------------------------------- X
```

     I, _____, the undersigned, hereby certify that I have read and understood the Stipulated Protective Order Concerning the Designation and Use of Confidential Materials entered in this action, and I hereby agree to abide by its terms and condition. I understand that Confidential Material and any copies, notes, or other records that may be made regarding Confidential Material shall not be used by me or disclosed to others, except in conformity with this Stipulation and Order, and that I may be held in contempt of court if I violate the terms of the Stipulation and Order.

 

                                              (Signature on following page)

Dated: _____

_____
Signature

_____
Name (Printed)

Sworn to before me this ____ day
of _____, 2021.

_____
NOTARY PUBLIC